**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BYRON M. BROWN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3219** |
| | : | |
| **C/O L. PORRATA,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**ROBRENO, J.**                                                    **SEPTEMBER 10 , 2021**

This matter comes before the Court by way of several piecemeal documents filed by

Plaintiff Byron M. Brown, who is proceeding *pro se*.  Additionally, Brown seeks to proceed *in*

*forma pauperis* in this case.  For the following reasons, the Court will grant Brown leave to

proceed *in forma pauperis*, dismiss his Complaint for failure to comply with the Federal Rules of

Civil Procedure, and direct him to file one comprehensive pleading clearly identifying the

defendants he seeks to sue and containing the allegations upon which he seeks to proceed in this

case.

## I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On July 16, 2021, the Court received a document from Brown, a prisoner currently

incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), which did not contain a

caption but appeared to be a Complaint.  (ECF No. 1.)  Brown alleged that he and his cellmate

told Correctional Officer L. Porrata and Lt. G. Malloy that their toilet was not working for three

to four days at a time.  (*Id.* at 1.)  It appears there was some kind of disturbance; Brown describes

how officers beat and sprayed other inmates and how Porrata used a slur against them.  (*Id.*)

Brown alleges that he was one of four inmates Malloy wrote up for failing to respond to orders.

(*Id.*)  Brown suggests that he and the other inmates did not fail to respond to orders, but were

instead trying to inform the officers of the broken toilet.  (*Id.*)  Brown stated in his submission

that he wanted to "sue them" for $100 billion or $40 billion.  (*Id*. at 2.)  The Clerk's Office,

consistent with its obligation under Federal Rule of Civil Procedure 5, treated the submission as

a Complaint and opened this civil action listing Porrata and Malloy as the Defendants.

       In a July 27, 2021 Order, the Court directed Brown to either pay the fees to commence

this civil action or, if he was unable to do so, file a motion to proceed *in forma pauperis* along

with a certified copy of his prisoner account statement reflecting activity for the six-month

period preceding the filing of this case.  (ECF No. 3.)  The Order directed the Clerk to send

Brown a blank copy of the Court's form application to proceed *in forma pauperis* should he

require one and gave him thirty days to comply with the Order.  (*Id.*)

       On August 18, 2021, the Clerk's Office docketed four submissions from Brown as

"Exhibits" in this case, none of which contains a caption and most of which were presented in

the same letter type format as Brown's "Complaint."[1]  The first "Exhibit," which was received

by the Court on the same date the Court received the Complaint, again discusses the broken toilet

in Brown's cell.  (ECF No. 5.)  Brown explains that on July 7, 2021, he and his cellmates

complained to correctional officers for three or four days about their non-functioning toilet.  (*Id.*

at 1.)  According to the Exhibit, when the toilet remained unfixed even though the officers called

for maintenance, Brown and the other inmates refused to go into the cell because the toilet was

not working and they "all had to do a number 2."  (*Id.*)  At that point, two of Brown's cell mates

were "sprayed" and "beat up" by Lt. Malloy and Correctional Officer Porrata, and Brown and his

cellmates were written up.  (*Id.*)  Brown alleges that "we all want to sue the jail because of the

---

[1] The docket reflects that the exhibits docketed on August 18, 2021 were received on July 16, 2021 (ECF No. 5), July 22, 2021 (ECF No. 6), and July 30, 2021 (ECF Nos. 7 & 8).

use of force" and claims that he was also "sprayed" on February 24, 2021 for "asking to go to medical about [his] left leg." (*Id.*) Brown also claims he was threatened because of his race and that Porrata wanted him to "do sex favors to him because [Brown is] gay." (*Id.* at 2.) This Exhibit indicates that "all" of the inmates would like to bring claims for monetary damages against Lt. Malloy, Correctional Officer Porrata, and Correctional Officer Ramos. (*Id.*) Brown identified the other three inmates involved, but only he signed the submission. (*Id.*)

Brown's second "Exhibit" explains that he and his cellmates complained to correctional officers that their toilet was not working for six days, causing them to hold their bowel movements. (ECF No. 6 at 1.) Brown also alleges that they "all got wrote up also sprayed and beat up" and called a slur. (*Id.* at 2.)

Brown's third "Exhibit" is a grievance that he filed on July 8, 2021 about the broken toilet. (ECF No. 7.) In the grievance, Brown states that he and his cellmates complained about the toilet but that Porrata did not call maintenance, causing them to "hold[] waste for about 3 to 6 days." (*Id*. at 1.) Brown also noted that Porrata, Malloy, and Ramos "beat" and "sprayed" two other inmates. (*Id.*)

Brown's fourth "Exhibit" informs the Court that he filed a grievance against Porrata for spraying him on February 24, 2021 "because he asked to go to medical about [his] leg," which was bleeding badly. (ECF No. 8 at 1.) Brown again mentions the toilet and asserts he would like to sue for damages. (*Id.*)

On August 23, 2021, the Court received Brown's Motion to Proceed *In Forma Pauperis* and his Prisoner Trust Fund Account Statement. (ECF Nos. 9 & 10.) The Court also received a fifth "Exhibit" from Brown. (ECF No. 11). In that "Exhibit," Brown alleges that "Corizon medical staff is not doing [their] job" and that he has been experiencing pain in his left leg since

the incident on February 24, 2021.  (*Id.* at 1.)  Brown alleges he has been prescribed medication

that does not work and alleges he would like to sue Corizon, the "phila jails" and the City of

Philadelphia.  (*Id.* at 1 & 3.)  He also alleges, as he did in prior submissions, that he would like to

assert claims based on the matter with the toilet.  (*Id.* at 2.)  This "Exhibit" includes a copy of the

relevant misconduct report and another copy of Brown's grievance.  (*Id.* at 5 & 7.)

On August 26, 2021, the Court received a sixth "Exhibit" from Brown.  (ECF No. 12.)  In

this "Exhibit" Brown complains of "guard misconduct" at CFCF.  (*Id.* at 1.)  He claims that

guards are fighting inmates "for nothing," that correctional and medical staff are not good at their

jobs, and that his left leg is swelling badly.  (*Id.*)

In sum, the following submissions are pending before the Court:  Brown's Motion to

Proceed *In Forma Pauperis*, his Prisoner Trust Fund Account Statement, and seven piecemeal

submissions from Brown, none of which contain a caption, that raise allegations about assorted

conditions at CFCF against various putative defendants.

## II.    STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he

cannot afford to prepay the fees to commence this civil action.[2]  As Brown is proceeding *in*

*forma pauperis*, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B),

which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to

state a claim, or seeks relief from an immune defendant.

As Brown is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v.*

*Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at

---

[2] However, as Brown is a prisoner, he will be obligated to pay the fees in installments in
accordance with 28 U.S.C. § 1915(b).

*2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means [the Court] remain[s] flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* at *2 (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

## III.    DISCUSSION

Brown did not file a proper complaint in this case.  Rather, he filed seven piecemeal submissions.  Consequently, the Court cannot conduct a screening at as this time because Brown's piecemeal submissions do not comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court."  Pursuant to Federal Rule of Civil Procedure 8, that complaint must contain a short and plain statement showing that the plaintiff is entitled to relief, a statement of the grounds for the Court's jurisdiction, and a demand for relief.  *See* Fed. R. Civ. P. 8.  "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'"  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  "This standard operates in tandem with that of Rule 10," which requires that a complaint contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs.  *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).  A complaint that does not comply with these rules by failing to identify discrete defendants and actions taken by those defendants regarding the plaintiff's claims may be dismissed.

*Garrett*, 938 F.3d at 93-94 (court may dismiss for failure to comply with Rule 8); *Fabian*, 2017 WL 3494219, at *3 (court has discretion to dismiss for failure to comply with Rule 10).

Additionally, although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett*, 938 F.3d at 82. "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). This means that the submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, Civ. A. No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, Civ. A. No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).

Consistent with the principles above, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, Civ. A. No. 21-CV-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, Civ. A. No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, Civ. A. No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). To the contrary, a plaintiff proceeding in federal court must present all allegations in a single

pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court.

None of Brown's submissions contains a caption or numbered paragraphs, leaving the Court to guess at the identity of the Defendants and the specific claims Brown seeks to raise in this case. Having reviewed Brown's submissions, the Court understands him to be attempting to bring a lawsuit for money damages pursuant to 28 U.S.C. § 1983, based on the conditions at CFCF. However, Brown's submissions reflect his desire to sue different entities and individuals and discuss assorted subject matter. Although Brown's initial submissions focused on the incident with the toilet, his later submissions discussed a medical condition related to his leg and the use of force at CFCF. This confuses the nature of Brown's claims, as it is not clear which of these submissions Brown seeks to proceed upon, whom he seeks to sue, the substance of the claims he seeks to bring against each Defendant, and the specific allegations supporting those claims.

Because of the manner in which Brown has presented his claims, the Court lacks a clear operative pleading or an understanding of who the Defendants are in this case and what Brown's claims are against them. Therefore, to conduct a screening of Brown's claims and streamline this case going forward, the Court will dismiss Brown's Complaint and Exhibits for failure to comply with the Federal Rules of Civil Procedure and direct him to file a single, comprehensive amended complaint. *See Bradford v. Currid*, Civ. A. No. 15-606, 2015 WL 8784663, at *2 (W.D. Okla. Dec. 15, 2015) (requiring plaintiff to file one comprehensive pleading because "the Court will not piecemeal together the allegations from the Complaint, the Supplemental Facts and the Amended Complaint to discern whether Plaintiff can proceed with his claims"); *Uribe*, 2011 WL 1670233, at *1 (denying *pro se* plaintiff's motion seeking to provide the court with

updated information, dismissing plaintiff's complaint, and granting leave to file an amended complaint "so that all of his allegations and claims can be presented in a single pleading.").

In drafting his amended complaint, Brown should be aware that his amended complaint must identify all defendants in the caption in addition to identifying them in the body of the amended complaint and shall state the basis for Brown's claims against each defendant.  When Brown files his amended complaint, it must be a complete document that includes all the bases for his claims.  Claims that are not included in the amended complaint will not be considered part of this case.  At the time the Court screens any amended complaint in accordance with § 1915, the Court will be limited to the allegations in the amended complaint in determining whether Brown has stated a claim for relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint and Exhibits for failure to comply with the Federal Rules of Civil Procedure.  The dismissal is without prejudice to Brown filing a single, comprehensive amended complaint.  An appropriate Order follows, which provides further instruction as to amendment.