IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BYRON M. BROWN,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3219 |
| | : | |
| **C/O L. PORRATA,** *et al.*, | : | |
|     **Defendants.** | : | |

### ORDER

AND NOW, this 10th day of September, 2021, upon consideration of Plaintiff Byron M. Brown's Motion to Proceed *In Forma Pauperis* (ECF No. 9), his Prisoner Trust Fund Account Statement (ECF No. 10), and his *pro se* Complaint and Exhibits (ECF Nos. 1, 5-8 & 11-12), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Byron M. Brown, # 875390, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Brown's inmate account; or (b) the average monthly balance in Brown's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Brown's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Brown's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Curran-Fromhold Correctional Facility.

4. The Complaint and Exhibits are **DEEMED** filed.

5. The Complaint and Exhibits are **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum.

6. Brown may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must clearly identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Brown's claims against each defendant. Any amended complaint shall also state the basis for the Court's jurisdiction and shall state the relief Brown seeks from the Court. The amended complaint shall be *a single, complete document* that does not rely on the initial Complaint, Exhibits, or any other papers filed in this case to state a claim. When drafting his amended complaint, Brown should be mindful of the Court's reasons for dismissing his prior filings as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Brown a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Brown may use this form to file his amended complaint if he chooses to do so.[1]

8. If Brown does not wish to amend his Complaint, he may file a notice with the Court within thirty (30) days of the date of this Order seeking entry of a final order, at which time the Court will issue a final order dismissing the case. Any such notice shall include the

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Brown fails to file any response to this Order, the Court will issue an order dismissing this case. *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                                BY THE COURT:

                                                */s/ Eduardo C. Robreno*
                                                **EDUARDO C. ROBRENO, J.**